# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE |
| | ) | NO. 18-59515-bem |
| TANYA NICOLE SANTIAGO | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| _____ | )_____ | |
| | ) | |
| AARON, EVERETT & MYERS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY CASE |
| | ) | NO. _____ |
| v. | ) | |
| | ) | |
| TANYA NICOLE SANTIAGO | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT
### PURSUANT TO 11 U.S.C. § 523(a)(2)(A), a(4), and a(6)

COMES NOW Plaintiff Aaron, Everett & Myers, LLC, by and through its undersigned counsel, and files this Complaint to Determine Nondischargeability of a Debt and shows the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Aaron, Everett & Myers, LLC (hereinafter "AEM") is the holder of claim against Defendant Tanya Nicole Santiago ("Santiago") based on a judgment obtained against

1

Santiago on May 19, 2017 in the Superior Court of Fayette County.

2.

On or about June 6, 2018, Santiago filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia.

3.

Santiago is subject to the jurisdiction of this Court.

4.

This is an action under 11 U.S.C. § 523(a)(2)(A), a(4), and a(6) in which AEM objects to the dischargeability of a debt owed to it by Santiago.

5.

This Court has jurisdiction of this case under 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1409.

6.

This adversary proceeding constitutes a core proceeding under 28 U.S.C. §157(b)(2)(I).

GENERAL ALLEGATIONS

7.

AEM incorporates the allegations set forth in Paragraphs 1-6 as if each allegation was restated fully herein.

8.

On or about July 20, 2011, AEM and Nelson Hirsch & Associates, Inc. ("Nelson Hirsch")

entered into an Asset Purchase and Sale Agreement ("Purchase Agreement") for the sale of the assets of Nelson Hirsch, which was operating as a debt collection business, for the principal amount of $438,190.90.

9.

Santiago, personally, and on behalf of Nelson Hirsch represented and warranted to AEM in relevant part that:

> "Except as disclosed on Schedule 2 attached hereto and incorporated herein by this reference ("Litigation"), there is no litigation or proceedings pending, or to the Seller's knowledge threatened, against the Business or the Assets nor does the Seller know or have reasonable grounds to know of any basis for any such action.  Seller is not in default with respect to any order of any court or governmental authority or arbitration board or tribunal relating to the Business or the Assets."
>
> and
>
> " . . . Seller has complied with all applicable governmental statutes, rules, codes, ordinances and regulations that apply to the Business in all material respects specifically including but not limited to all applicable fire, business, and building codes."

10.

At the time she executed the Purchase Agreement, Santiago knew that: (1) both she and Nelson Hirsch was under active investigation with the Governor's Office of Consumer Affairs for committing unfair and deceptive business practices; and (2) there were claims asserted against Nelson Hirsch that were not disclosed in the Purchase Agreement, including additional lawsuits purporting violations of the Fair Debt Collection Practices Act.

11.

Santiago's intentional concealment of pending litigation and active investigations

constituted fraud.

12.

Santiago also fraudulently misrepresented to Aaron Everett the value of the assets held by Nelson Hirsch at the time of the execution of the Purchase Agreement.

13.

On or about March 16, 2012, AEM filed suit against Santiago in the Superior Court of Fayette County, Georgia, which was styled as *Aaron Everett & Myers, LLC v. Tanya Santiago and Nelson Hirsch & Associates, Inc.*, and assigned civil action file number 2012-V-0336 (the "Lawsuit").  A true and accurate copy of the lawsuit is attached as Exhibit "A."

14.

In the Lawsuit, AEM asserted claims against Santiago for fraud.

15.

On May 19, 2017, after a jury trial, AEM was awarded a judgment against Santiago and Nelson Hirsch, jointly and severally, in the principal amount of $300,000.00 along with attorney's fees of $76,363.66 (the "Judgment").  As provided for by Georgia law, post-judgment interest accrued at the rate of 7% per year.  A true and accurate copy of the Judgment is attached hereto as Exhibit "B."

16.

As of the date Santiago filed bankruptcy, the balance owed on the Judgment included the principal amount of $300,000.00, attorney's fees of $56,363.66, and post-judgment interest of $26,107.30.

## COUNT 1:
## ACTUAL FRAUD - 11 U.S.C. § 523(a)(2)(A)

17.

AEM incorporates the allegations set forth in Paragraphs 1-16 as if each allegation was restated fully herein.

18.

As set forth in Paragraph 10 above, Santiago made certain representations to AEM, personally, and on behalf of Nelson Hirsch, which Santiago knew to be false (the "Representations").

19.

Santiago made the Representations to induce AEM to purchase Nelson Hirch's assets.

20.

AEM justifiably relied on Santiago's representations.

21.

Santiago's actions constituted actual fraud.

22.

AEM suffered damages as a result of Santiago's actual fraud.

23.

Pursuant to 11 U.S.C. § 523(a)(2)(A), the Judgment is nondischargeable.

24.

AEM demands a determination that the Judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

COUNT 2:
LARCENY- 11 U.S.C. § 523(a)(4)

25.

AEM incorporates the allegations set forth in Paragraphs 1-24 as if each allegation was restated fully herein.

26.

Santiago made the Representations knowing the same were false.

27.

AEM relied on the Representations and paid Nelson Hirsch for the assets in question.

28.

Santiago's intentional concealment and fraudulent misrepresentations were made induce AEM to purchase Nelson Hirch's assets.

29.

AEM suffered damages as a result of Santiago's intentional concealment and fraudulent misrepresentations.

30.

Santiago's actions constituted larceny.

31.

AEM suffered damages of as a result of Santiago's larceny.

32.

Pursuant to 11 U.S.C. § 523(a)(4), the Judgment is nondischargeable.

33.

AEM demands a determination that the Judgment is nondischargeable under 11 U.S.C. § 523(a)(4).

COUNT 3:
WILLFUL AND MALICIOUS INJURY - 11 U.S.C. § 523(a)(6)

34.

AEM incorporates the allegations set forth in Paragraphs 1-33 as if each allegation was restated fully herein.

35.

Santiago made the Representations knowing the same were false.

36.

AEM relied on the Representations and paid Nelson Hirsch for certain assets.

37.

AEM suffered damages as a result of Santiago's conduct.

38.

Santiago's actions constitute willful and malicious injury to the property rights of AEM, and thus, pursuant to 11 U.S.C. § 523(a)(6), the Judgment is non-dischargeable.

39.

7

AEM demands a determination the Judgment is nondischargeable under 11 U.S.C. § 523(a)(6).

WHEREFORE, PLAINTIFF AARON, EVERETT & MYERS, LLC PRAYS THAT:

(a) This Court enter a determination that pursuant to 11 U.S.C. § 523(a)(2)(A), the Judgment is not dischargeable;
(b) This Court enter a determination that pursuant to 11 U.S.C. § 523(a)(4), the Judgment is not dischargeable;
(c) This Court enter a determination that pursuant to 11 U.S.C. § 523(a)(4 the Judgment is not dischargeable;
(d) All costs of this action be taxed against Santiago;
(e) AEM have such other further relief as the Court deems just and proper.

Plaintiff Aaron, Everett & Myers, LLC requests a jury trial.

This 9th day of August, 2018.

                                        Respectfully submitted,

                                        /s/ David J. Merbaum_____
                                        David J. Merbaum
                                        Georgia Bar Number: 006700
                                        dmerbaum@mbpclaw.com
                                        Andrew J. Becker
                                        Georgia Bar Number: 142595
                                        abecker@mbpclaw.com

Merbaum & Becker, P.C.
5755 North Point Pkwy., Suite 284
Alpharetta, Georgia 30022
(678) 393-8232 (phone)
(678) 467-1920 (facsimile)